UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHANNEN SYDNOR,

              Plaintiff,

-against-

AVET COACH CORP. and HARVEY N. GOLDBERG,

              Defendants.
------------------------------------------------------------X

ECF CASE

**JUDGE KARAS**

Docket No.:

COMPLAINT

**08 CIV. 2417**

(AND JURY DEMAND)

Plaintiff, SHANNEN SYDNOR, by her attorneys, Law Office Of ROBERT DAVID GOODSTEIN, ESQ, as and for her Complaint, alleges:

### NATURE OF THE CASE

This is an employment discrimination action based upon defendants' unlawful discrimination against plaintiff in the terms, conditions and privileges of her employment based upon gender, in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e, as amended, the New York State Human Rights Law, N.Y. Executive Law §290, *et seq.*, and the New York State Civil Rights Law, §40, *et seq.* Plaintiff seeks injunctive relief, compensatory damages and punitive damages against defendants.

### JURISDICTION

1.    This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This action is authorized and instituted, pursuant to 42 U.S.C. §706 of Title VII of the Civil Rights as of 1964, as amended, 42 U.S.C. §2000e ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2.    Supplemental jurisdiction over the state claims is based upon 28 U.S.C. §1367(a) and United Mine Workers v. Gibbs, 282 U.S. 715 (1966).

## PARTIES

3.  Plaintiff, SHANNEN SYDNOR ("Plaintiff"), a female born March 6, 1977, is a citizen of the United States and resides in the city of Yonkers, County of Westchester, State of New York.

4.  Upon information and belief, defendant AVET COACH CORP.("AVET"), is a private corporation doing business within the State of New York, with its offices in 53 Buena Vista Avenue, Yonkers, New York, and, at all relevant times, has continually employed at least fifteen (15) employees.

5.  Upon information and belief, defendant AVET is an "employer" engaged in a business or industry affecting interstate commerce within the meaning of Section 701(b)(g) and (h) of Title VII. , and defendant AVET is also an "employer" within the meaning of New York State Human Rights Law, New York Executive Law §292.5.

6.  At all times relevant herein, defendant HARVEY N. GOLDBERG ("GOLDBERG") was the owner of defendant AVET.

## STATEMENT OF CLAIMS

A. Background

7.  On or about November 9, 2006, Plaintiff filed a Charge of Discrimination with E.E.O.C. alleging violations of Title VII by Defendant AVET. (Copy of Charge annexed hereto as Exhibit "A" and incorporated herein.) It is now more than thirty days since such filing. On December 13, 2007, the E.E.O.C. issued its Notice of Right To Sue letter. (Copy annexed hereto as Exhibit "B" and incorporated herein.) This action has been brought within 90 days of the receipt of the Notice of Right to Sue. All conditions precedent to the institution of this lawsuit have been met.

B. Facts

8.  Plaintiff was employed by defendant AVET as its Administrative Assistant commencing November 1995 up to and including September 22, 2006.

9. At all times relevant, AVET was owned by defendant GOLDBERG, who is the President of the company.

10. Plaintiff's work performance was always satisfactory.

11. Plaintiff's supervisor was defendant GOLDBERG.

12. While employed at defendant AVET, from on or about June 2006 until September 2006, Plaintiff was subjected to a pattern of sexual harassment, physical assault, and a hostile work environment by her supervisor, defendant GOLDBERG.

13. Plaintiff was also constructively discharged from her employment with defendant AVET as a result of the constant and increasing sexual harassment to which plaintiff was subjected by defendant GOLDBERG.

14. The sexual harassment consisted of unwelcome sexual comments by GOLDBERG concerning plaintiff's appearance and her physical attributes, statements and questions about plaintiff's sex life, unwelcome physical contact of plaintiff by GOLDBERG, requests for sexual favors, and a sexually hostile work environment.

15. Plaintiff was sexually harassed by defendant GOLDBERG from in or about June 2006 through her constructive discharge on September 22, 2006.

16. Plaintiff asked GOLDBERG to stop the verbal sexual harassment, however, defendant GOLDBERG refused to stop and the sexual harassment continued.

17. The physical assault consisted of unwanted and unwelcome physical touching of plaintiff's body by defendant GOLDBERG, including GOLDBERG trying to get plaintiff to touch GOLBERG's penis.

18. Although plaintiff confronted GOLDBERG about how uncomfortable plaintiff felt when GOLDBERG came around her and made inappropriate comments, or sexual requests, GOLDBERG refused to listen to plaintiff's pleas to stop and continued his unwelcome conduct.

19. As a direct result of the four (4) months of constant and increasing sexual harassment, plaintiff was constructively discharged and tendered her resignation to be effective September 22, 2006.

## AS AND FOR A FIRST CAUSE OF ACTION
### against Defendant AVET

20. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs numbered "1" through "19" as though fully set forth herein.

21. The sexual comments made by defendant GOLDBERG to plaintiff and the sexual touching of plaintiff by defendant GOLDBERG were unwelcome, unwarranted, inappropriate and totally unprofessional for the workplace and were of a lewd or lascivious nature.

22. The inappropriate sexual comments and touching of plaintiff by defendant GOLDBERG were prompted simply because of plaintiff's gender.

23. The inappropriate sexual comments and touching of plaintiff by defendant GOLDBERG continued even though plaintiff told defendant GOLDBERG that it made plaintiff uncomfortable.

24. The inappropriate sexual comments and touching of plaintiff by defendant GOLDBERG were sufficiently continuous and concerted so as to alter the conditions of plaintiff's working environment.

25. The inappropriate sexual comments and touching of plaintiff by defendant GOLDBERG were so severe and pervasive as to create for plaintiff a hostile work environment.

26. The sexually discriminatory acts of defendant GOLDBERG were witnessed by other employees of defendant AVET and plaintiff was caused to suffer embarrassment and humiliation in front of her co-workers

27. Plaintiff was sexually harassed, subjected to a hostile work environment that was pervasive and severe, and denied equal terms and conditions of employment because she was a female.

28. Defendant's conduct complained of was motivated by discrimination on the basis of sex and created a hostile work environment in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended.

29. As a direct result of defendant AVET's, through its owner's, unlawful sexual discrimination and harassment of plaintiff, and the sexually hostile work environment, plaintiff was constructively discharged and was caused to suffer lost wages and benefits, to incur precuniary and non-precuniary losses, to suffer emotional and psychological distress, humiliation, pain and suffering, and to incur attorneys fees and the costs of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### against defendant AVET.

30. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs numbered "1" through "29" as though fully set forth herein.

31. Defendant AVET's actions complained of were in violation of the New York State Human Rights Law, N.Y. Executive Law §296 *et seq*.

32. As a direct result of defendant's conduct complained of plaintiff was caused to suffer lost wages and benefits, to incur precuniary and non-precuniary losses, to suffer emotional and psychological distress, humiliation, and pain and suffering and to incur the costs of this action..

## AS AND FOR A THIRD CAUSE OF ACTION
### against Defendant GOLDBERG

33. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs numbered "1" through "32" as though fully set forth herein.

34. Defendant GOLDBERG, with his significant ownership interest in defendant AVET, had the power to hire and fire employees, to set salaries, to control work schedules and conditions

of employment, and had operational control of significant aspects of defendant AVET's day to day functions.

35. Defendant GOLDBERG is an "employer" within meaning of the New York State Human Rights Law, N.Y. Executive Law §296 *et seq*.

36. Defendant GOLDBERG's complained of willful actions towards plaintiff violated the New York State Human Rights Law, N.Y. Executive Law §296 *et seq*.

37. Defendant GOLDBERG knew or should have known that his discriminatory conduct violated the NY State Human Rights Laws.

38. As a direct result of defendant GOLDBERG's unlawful sexual harassment of plaintiff, and the sexually hostile work environment, plaintiff was constructively discharged and was caused to suffer lost wages and benefits, to incur precuniary and non-precuniary losses, to suffer emotional and psychological distress, humiliation, and pain and suffering.

## AS AND FOR A FOURTH CAUSE OF ACTION
### against defendant GOLDBERG.

39. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs numbered "1" through "38" as though fully set forth herein.

40. Plaintiff was sexually harassed, subjected to a hostile work environment that was pervasive and severe, and denied equal terms and conditions of employment because she was a female, in violation of the New York State Civil Rights Law, § 40 *et seq*.

41. Defendant GOLDBERG knew or should have known that his conduct violated the New York State Civil Rights Law, § 40 *et seq*.

42. At or before the commencement of this action, notice thereof is being served upon the attorney general.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment against defendants as follows:

On the First Cause of Action-Title VII:

    A.    Grant a permanent injunction enjoining defendant AVET, its owner, officers, successors, and assigns, from engaging in any employment practices which discriminate against employees;

    B.    Order AVET to institute and carry out policies, programs and practices which provide equal employment opportunities for all employees of defendant company and which eradicate the effects of AVET's unlawful employment practices;

    C.    An Order directing defendant AVET to make plaintiff whole by providing damages in the amount of lost back pay with prejudgment interest, lost benefits; past and future pecuniary losses and compensatory damages for plaintiff's emotional pain, suffering, mental anguish, and humiliation; for punitive damages; and for attorneys' fees, and costs incurred.

    D.    A judgment ordering defendant AVET to reinstate plaintiff to her position as Administrative Assistant with retroactive seniority, increases, benefits and pension credits; or front pay, in lieu thereof;

On the Second Cause of Action-NYS Human Rights Law:

    E.    An Order directing defendant AVET to make plaintiff whole by providing monetary damages in the amount of $1,000,000 for her damages; and for costs incurred.

On the Third Cause of Action-NYS Human Rights Law:

    F.    An Order directing defendant GOLDBERG to make plaintiff whole by providing monetary damages in the amount of $1,000,000 for her damages; and for costs incurred.

On the Fourth Cause of Action-NYS Civil Rights Law:

    G.    An Order directing defendant GOLDBERG to pay to plaintiff a penalty of five ($500) dollars for each and every of his violations of any provision of the sections of this law;

    H.    An Order deeming defendant GOLDBERG guilty of a class A misdemeanor.

Together with such other and further relief as to this Court may seem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues properly before this Court and all questions of fact raised by this Complaint.

Dated: New Rochelle, New York
March 7, 2008

By: Respectfully Submitted
Law Office of
ROBERT DAVID GOODSTEIN, ESQ.

_/s/ Paula Johnson Kelly_
PAULA JOHNSON KELLY (PJK 8889)
Attorneys for Plaintiff
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914) 632-8382